JOHN C. GAMWELL & wife *vs.* SAMUEL A. MOSELY, Executor.

In an action on a promissory note, given by a father to his daughter, the judge instructed the jury that the admission in the note of "value received" was *prima facie* evidence of consideration, and it was incumbent on the defendant to rebut the presumption arising therefrom by evidence that the note was without consideration; that if they found it was given for services rendered by the daughter after she came of age and before her marriage, or if the father of her husband proposed to her father that they should aid them and the latter in consideration of such aid gave this note, it was a sufficient consideration. *Held*, that the defendant had no ground of exception.

ACTION OF CONTRACT on a promissory note for $150, made by Edmund Hubbard, the defendant's testator, to his daughter, the female plaintiff, payable at his death.

At the trial in the court of common pleas in Hampden, before *Bishop*, J., the plaintiffs, for the purpose of proving a consideration, (which was denied,) called Heman S. Lucas, who testified that he was the attending physician upon Hubbard during his last sickness, and that in a conversation with him about this note, a week before his death, Hubbard said, " When John C. Gamwell went to Becket to reside, his father told me he would help John to $150; and I told him I would help Margaret as much as he would John, and I gave her a note for $150 ; I wanted to encourage them."

. The defendant requested the judge to instruct the jury that if they believed that the note was given for the purpose stated in this testimony, it was a gratuitous note, without such legal

consideration as would enable the plaintiff to maintain an action upon it. The judge declined; and instructed the jury that the admission in the note of " value received " was *prima facie* evidence of consideration, and it was incumbent on the defendant to rebut the presumption arising therefrom, by evidence satisfactory to them that the note was without legal consideration; and that if they found it was given for services rendered by the daughter after her majority. and before marriage, or if the father of John C. Gamwell proposed to Hubbard that they should aid the plaintiffs, and Hubbard, in consideration that Gamwell's father would help him, promised to help Gamwell's wife, and the note was given in pursuance of that agreement, it would be a sufficient consideration. The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*H. Vose,* for the defendant.

*F. Chamberlin,* for the plaintiffs.

BY THE COURT. The testimony of Lucas, if believed by the jury, proved a sufficient consideration, to wit, that the note in suit was given in consideration of the giving of a similar promise by a third party. The instructions as to the burden of proof were correct, and the defendant has no ground of exception to the other instructions.            *Exceptions overruled.*